USDC SCAN INDEX SHEET










```
SWD    9/30/05    14:41
3:05-CV-01880    US EQUAL EMPLOYMENT V. WALKER WOOD
*1*
*CMP.*
```

ORIGINAL
FILED
05 SEP 30 PH 12:05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                                    DEPUTY

Anna Y. Park, SBN 164242
Cherry-Marie D. Rojas, SBN 141482
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301

Connie Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
401 B Street, Suite 510
San Diego, CA 92101
Telephone: (619) 557-7284
Facsimile: (619) 557-7274

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> WALKER WOOD PRODUCTS, <br><br> Defendant. | Case No.: '05 CV 1880 WQH (LSP) <br><br> **COMPLAINT—TITLE VII** <br> • **Sexual Harassment** <br> • **Retaliation** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Amalia Venegas and a class of similarly situated individuals, who were adversely affected by such practices. As set forth in this Complaint, Plaintiff alleges that Ms. Venegas and a class of similarly situated individuals were subjected to a hostile

-1-

Case No. _____

1  environment by Defendant based on their sex and that Defendant retaliated against Ms. Venegas
2  when she complained of the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Walker Wood Products (the "Employer"), has continuously been a California corporation doing business in the State of California and the Cities of San Marcos and Escondido, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amalia Venegas filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 1, 2003, Defendant Employer has engaged in unlawful employment practices at its San Marcos, California facility, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Amalia Venegas and a class of similarly situated

individuals to a sexually harassing hostile environment. The sexually harassing behavior was perpetrated by a supervisor and included, but was not limited to: frequent and unwelcome explicit sexual commentary about Ms. Venegas' and other women's clothing, bodies, breasts, buttocks, and genitalia; sexual propositions; explicit commentary about sexual acts; staring and leering. On or about May 1, 2004, sexually suggestive commentary about Ms. Venegas and another woman, with telephone numbers, was also written on the men's bathroom wall. Defendant Employer allowed the hostile environment to persist despite repeated complaints by Ms. Venegas and others about the harassment. Defendant Employer further failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

8. From on or about November 19, 2004, through at least on or about January 24, 2005, Defendant Employer has also engaged in unlawful employment practices at its San Marcos, California facility, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Amalia Venegas for having complained of the harassment, when it laid her off from work and replaced her with a new hire.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Amalia Venegas and a class of similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

10. The effect of the practices complained of in paragraph 8 above has been to deprive Amalia Venegas of equal employment opportunities and otherwise adversely affect her status as an employee, because of her participation in the protected activity of opposing sex-discriminatory practices at Defendant Employer.

11. The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

12. The unlawful employment practices complained of in paragraphs 7-8 above were and are done with malice or with reckless indifference to the federally protected rights of Amalia Venegas and a class of similarly situated individuals.

///
///

-3-

Case No. _____

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Amalia Venegas, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to restoration of the compensation, seniority and benefits she would have enjoyed had she not been laid off.

D. Order Defendant Employer to make whole Amalia Venegas and a class of similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-8 above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Amalia Venegas and a class of similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, in amounts to be determined at trial.

F. Order Defendant Employer to pay Amalia Venegas and a class of similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 7-8 and 12 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/29/05

_____
Anna Y. Park
Regional Attorney

-5-

Case No. _____

**ORIGINAL**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS<br>U.S. Equal Employment Opportunity Commission | DEFENDANTS<br>Walker Wood Products<br><br>05 SEP 30 PM 12:05<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Los Angeles<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: San Diego<br>(IN U.S. PLAINTIFF CASES ONLY)<br>BY: _____ DEPUTY<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Anna Y. Park, Cherry-Marie Rojas<br>Connie Liem<br>255 East Temple Street, 4th Fl.<br>Los Angeles, CA 90012 | ATTORNEYS (IF KNOWN)<br>05CV1880 WQH |

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☒ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 9/29/05     SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)